IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| OCEANS BEHAVIORAL HOSPITAL OF ABILENE<br>       Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, JOHN DOE, in their official capacity as the Chairperson of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in their official capacity as an Administrative Law Judge of the National Labor Relations Board,<br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:25-CV-18 |

**OCEANS BEHAVIORAL HOSPITAL OF ABILENE, LLC'S**
**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Oceans Behavioral Hospital of Abilene, LLC ("Oceans") by and through its undersigned counsel, files this Complaint for declaratory and injunctive relief against Defendants. In support, Oceans respectfully states as follows:

**I.     INTRODUCTION**

1.     This action arises from the National Labor Relations Board's ("NLRB") unlawful attempt to subject Oceans to administrative proceedings in NLRB case number 16-CA-321744 which violate Oceans' rights under the United States Constitution.

2.     First, Oceans is likely to succeed on the merits of its constitutional claims that: (a)

the Administrative Law Judge ("ALJ") overseeing the administrative proceeding is unconstitutionally protected from removal in contravention of Article II of the Constitution; (b) the agency's Board Members are constitutionally protected from removal in contravention of Article II of the Constitution; and (c) Oceans is being deprived of its Seventh Amendment right to a jury trial regarding the claims brought, and legal remedies sought, by the NLRB.

3.      Second, Oceans will suffer irreparable economic and constitutional harm absent declaratory and injunctive relief because the NLRB attempts to compel it to undergo an unconstitutional proceeding before an unconstitutionally structured agency. Having to be "subjected to unconstitutional agency authority … by an unconstitutional ALJ … is a here and now injury" that is "impossible to remedy once the proceeding is over." *Axon Enter., Inc. v. FTC,* 598 U.S. 175, 191 (2023).

4.      Third, the balance of equities and the public interest both tip in favor of Oceans because there is a strong public interest in protecting citizens from unlawful acts undertaken by unconstitutionally structured federal agencies such as the NLRB.

## II.     JURISDICTION AND VENUE

5.      This action arises under the Constitution and laws of the United States. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Oceans' claims that the NLRB's structure violates the United States Constitution.

6.      This Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. § § 2201-2202, and pursuant to the Court's inherent equitable powers.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States and a substantial part of the events giving rise to the

claim occurred in Abilene, Texas.

### III. PARTIES

8. Oceans is located in Abilene, Texas, and provides inpatient and outpatient mental health services in a safe and comfortable environment with individual and group treatment programs designed to meet the specific needs of patients during any stage of life. Oceans operates multiple facilities; the facility at issue in this case is located at 4225 Woods Place, Abilene, Texas.

9. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, District of Columbia. The National Labor Relations Act ("NLRA") is administered by the NLRB. The NLRB historically has, *inter alia*, initiated administrative proceedings to remedy alleged unfair labor practices ("ULP"). *See* 29 U.S.C. § 160.

10. Defendant Jennifer Abruzzo is General Counsel of the NLRB. She is sued in her official capacity.

11. Defendant John Doe is Chairman of the NLRB. The position of NLRB Chairman became vacant on December 17, 2024. They are sued in their official capacity.

12. Defendant Marvin Kaplan is a Member of the NLRB. He is sued in his official capacity.

13. Defendant David Prouty is a Member of the NLRB. He is sued in his official capacity.

14. Defendant Gwynne Wilcox is a Member of the NLRB. She is sued in her official capacity.

15. Defendant John Doe is an ALJ of the NLRB assigned to preside over the NLRB hearings against Oceans, whose identity has not yet been disclosed to Oceans. The assigned ALJ is sued in their official capacity.

## IV.  FACTUAL BACKGROUND

16. Jessica Scowden[1] ("Scowden") is a former employee of Oceans.

17. Scowden was hired as an Intake Coordinator for Oceans and only worked one shift on July 3rd and another on July 4th, 2023.

18. Scowden was discharged for creating a tense and uncomfortable work environment and for disregarding safety rules.

19. On July 11, 2023, Scowden filed a ULP charge (Case Number 16-CA-321744) with the NLRB. Scowden filed her First Amended charge on September 12, 2023. Scowden's charge alleged that Oceans violated Section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a).

20. On September 11, 2023, in response to a request for evidence letter from the NLRB in Case Number 16-CA-321744, Oceans timely submitted its position statement refuting the allegations in the charge.

21. On January 14, 2025, the Regional Director for Region 16 issued a complaint and noticed an administrative hearing to be held before an ALJ on August 19, 2025.

22. The remedies sought in the complaint include requiring Oceans to "[m]ake whole any affected employee or former employee for any loss of wages and other benefits, and for any other direct or foreseeable pecuniary harms suffered because of discipline, directives, legal enforcement actions or other actions taken against them pursuant to [Oceans'] unlawful rules [ ] that were issued, enforced, or otherwise in effect at any time since January 11, 2023, plus interest in accordance with current Board policy, plus reasonable search-for-work and interim employment expenses;"

23. On January 22, 2025, Oceans timely filed its answer to the complaint denying the

---

[1]  Scowden's last name was Goddard when the NLRB charge was filed. It has since changed.

allegations.

V. **COUNT ONE: THE NLRB'S ADMINISTRATIVE LAW JUDGES ARE INSULATED FROM REMOVAL IN VIOLATION OF ARTICLE II OF THE U.S. CONSTITUTION**

24. Oceans incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

25. NLRB ALJs are inferior officers of an executive agency. *See* U.S. Const. Art. II § 2; *Lucia v. SEC*, 138 S. Ct. 2044, 2053-55 (2018); *Jarkesy v. SEC*, 34. F.4th 446, 464 (5th Cir. 2022), aff'd 144 S. Ct. 2117 (2024); *Westrock Servs.*, 366 NLRB No. 157, slip op. at 1 (2018) ("Board judges, like SEC judges, are inferior officers").

26. NLRB ALJs exercise considerable power over administrative case records when presiding over adversarial ULP hearings, including making credibility determinations, evidentiary rulings, and shaping the hearing record. NLRB ALJs have considerable power; for instance, they rule on procedural requests and motions, NLRB Rules and Regulations § 102.35(a)(8); decide issues regarding subpoenas, NLRB Rules and Regulations, § 102.35(a)(4); and issue decisions, NLRB Rules and Regulations, § 102.35(a)(10).

27. The Constitution requires that the President be able to exercise authority over the functions of the executive agency's inferior officers. *Jarksey*, 34 F.4th 466. Inferior officers "are sufficiently important to executing the laws that the constitution requires that the President be able to exercise authority over their functions." *Id*.

28. The NLRB appoints the ALJs, but ALJs may only be removed for "good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the [Merit Systems Protection] Board." 5 U.S.C. § 7521(a).

29. Members of the Merit Systems Protection Board are removable only for

"inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). "If principal officers cannot intervene in their inferior officers' actions except in rare cases, the President lacks the control necessary to ensure that the laws are faithfully executed." *Jarkesy*, 34 F.4th at 464.

30.     Because NLRB ALJs can only be removed "for good cause" and "after opportunity for hearing," and because the MSPB Members who may remove ALJs are themselves removable by the President only for "inefficiency, neglect of duty, or malfeasance in in office," ALJs are insulated from removal by the President by at least two layers of for-cause removal protections. 5 U.S.C. § 7521(a) and 5 U.S.C. § 1202(d).

31.     The statue provides NLRB ALJs with at least two layers of for-cause removal protections, which prevents the President from exercising Presidential authority under Article II of the Constitution and therefore violates Article II of the Constitution. *See Free Enter. Fund v. PCAOB*, 561 U.S. 477, 492-508 (2010); *Jarkesy*, 34 F.4th at 463-65.

32.     As a result of the restrictions on the President's exercise of his Article II powers (and that of prior Presidents, whose exercise of such powers has been neutered), the ALJ who will be assigned to preside over the administrative hearing in this case and the NLRB Members who supervise the ALJ are free to act in any manner they deem fit without fear of repercussion or consequence from the President. If the President were able to exercise his removal authority, the NLRB ALJs and Members could find no merit to the Charges filed against Oceans and therefore not issue the complaint at issue in the upcoming hearing.

33.     Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), aff'd and remanded *sub nom. Axon Enter.*, 143 S. Ct. 890.

34. Oceans is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Oceans] is subject will be enforced only be a constitution agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

35. Oceans has a strong likelihood of success on the merits for the reasons articulated above.

36. Absent declaratory and injunctive relief, Oceans will be subject to the whim of an unconstitutionally protected ALJ in an unconstitutional proceeding due to the lack of Presidential oversight. This will undoubtedly cause Oceans irreparable harm.

37. Furthermore, if the NLRB Members issue a final order against Oceans by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that "those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

38. In the event that declaratory and injunctive relief are not granted, the harm to Oceans would far outweigh any harm, or mere inconvenience to the NLRB if such relief is granted.

39. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

VI. **COUNT TWO: THE NLRB'S BOARD MEMBERS ARE INSULATED FROM REMOVE IN VIOLATION OF ARTICLE II OF THE U.S. CONSTITUTION**

40. Oceans incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

41. The Constitution affords the NLRB's Members substantial executive powers when administering and enforcing the NLRA, such the right to exercise prosecutorial power in the U.S. federal district courts. 29. U.S. C. § 160(j); *see e.g.*, *Overstreet v. El Paso Disposal, L.P.*, 625 F.3d

844, 852 (5th Cir. 2020). Moreover, the NLRB's Members determine units appropriate for the purpose of collective bargaining, oversee and direct representation elections, issue opinions in unfair labor practice charges, and resolve subpoena issues, 29 U.S.C. §§ 159, 160; and issue rulemaking on topics such as the standard for determining joint employer status, etc., *see NLRB v. Wyman-Gordon Co.*, 394 U.S. 759 (1969).

42.    Under the NLRA, NLRB Members can only be removed "for neglect of duty or malfeasance in office" and not for any other cause. 29 U.S.C. § 153(a).

43.    The fact that the NLRB Members are insulated from removal by the President and has unchecked exercise of executive powers violates Article II of the Constitution.

44.    As a result of the restrictions on the Presidents exercise of his Article II powers, the ALJ who will be assigned to preside over Oceans' administrative hearing and the NLRB Members who supervise and control the ALJ are free to act however they deem fit without fear of repercussion or consequence from the President. If the President were able to exercise his removal authority, the NLRB ALJ's and Members potentially could find no merit to the Charges filed against Oceans and therefore not issue the complaint at issue in the upcoming hearing.

45.    Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), aff'd and remanded *sub nom. Axon Enter.*, 143 S. Ct. 890.

46.    Oceans is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Oceans] is subject will be enforced only be a constitution agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

47.    Oceans bears a strong likelihood of success on the merits for the reasons articulated

above.

48. Absent declaratory and injunctive relief, Oceans will be subject to the whim of an unconstitutionally protected ALJ in an unconstitutional proceed due to the lack of Presidential oversight. This will undoubtedly cause Oceans irreparable harm.

49. Furthermore, if the NLRB Members issue a final order against Oceans by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

50. In the event that declaratory and injunctive relief are not granted, the harm to Oceans would far outweigh any harm, or mere inconvenience, to the NLRB if such relief is granted.

51. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

### VII. COUNT THREE: THE NLRB'S AWARD OF LEGAL RELIEF WITHOUT A JURY TRIAL VIOLATES THE SEVENTH AMENDMENT TO THE U.S. CONSTITUTION

52. Oceans incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

53. The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where, the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

54. The U.S. Supreme Court does not interpret "Suits at common law" to be limited to

causes of actions recognized when the Seventh Amendment was ratified, but to encompass "all suits which are not of equity or admiralty jurisdiction, whatever may be the particular form they may assume." *SEC v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024).

55. The Seventh Amendment extends to "suit[s] seek[ing] common-law-like legal remedies." *Jarkesy*, 34 F.4th at 452.

56. The only relief Congress has authorized under the NLRA is equitable relief, such as a cease-and-desist order and affirmative action, such as reinstatement of employees. 29 U.S.C. § 160(c).

57. The NLRA does not authorize legal relief, including compensatory damages or monetary relief, nor did Congress, when enacting the NLRB "establish a general scheme authorizing the Board to award full compensatory damages for injuries caused by wrongful conduct." *Int'l Union, United Auto., Aircraft & Agric. Implement Workers of Am. (UAD-CIO)*, 356 U.S. 643 (1958).

58. Despite this clear language, the NLRB has expanded the remedies sought and awarded under the NLRA by authorizing its Regional Directors[2] to seek legal relief in the form of consequential or compensatory damages. *See Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022) (*enf. denied in part and vacated in part*, *Thryv Inc., v. NLRB*, 102 F.4th 727 (5th Cir. 2024)); NLRB GC Memorandum 21-06 (Sept. 8, 2021).

59. Recent NLRB actions indicate that the agency believes that non-equitable damages such as "interest and late fees on credit cards," "credit card debt," "early withdrawals from [a]

---

[2] The NLRB is headquartered in Washington, D.C. but is divided geographically into 32 regions throughout the United States. Each Region is headed by a Regional Director, who is effectively a proxy for the General Counsel of the agency. Regional Directors issue complaint in unfair labor practice cases and schedule trials before ALJs. Those trials typically are conducted in courtrooms within the Region's offices. The complaint in this case was issued by the Regional Director, Region 10. It is referred to throughout this Complaint and related papers as "the Region."

retire account," compensation for "car" or "home" loss, or "rent" are within the ambit of remedies that the NLRB may award an alleged discriminatee. NLRB GC Memorandum 21-06 (Sept. 8, 2021).

60. These monetary, consequential remedies serve the purpose not of restoring the *status quo ante* but of compensating employees in a manner that is punitive in nature. *Thyv*, 372 NLRB No. 22 slip op. at 8, 10.

61. The Region is seeking unspecified consequential damages against Oceans in the underlying complaint.

62. That the Region is also seeking equitable relief does not obviate Oceans' right to trial by jury. *Jarksey,* 34 F.4th at 454 ("The Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims").

63. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), *aff'd and remanded sub nom. Axon Enter.*, 143 S. Ct. 890.

64. Oceans is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Oceans] is subject will be enforced only be a constitutional agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

65. Oceans has a strong likelihood of success on the merits for the reasons articulated above.

66. Absent declaratory and injunctive relief, Oceans will be subject to the whim of an unconstitutionally protected ALJ in an unconstitutional proceed due to the lack of Presidential oversight. This will undoubtedly cause Oceans irreparable harm.

67. Furthermore, if the NLRB Members issue a final order against Oceans by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

68. In the event that declaratory and injunctive relief are not granted, the harm to Oceans would far outweigh any harm, or mere inconvenience, to the NLRB if such relief is granted.

69. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Oceans respectfully requests that the Court order the following relief and judgement.

1. Declaring that:
   a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of the NLRB Members and ALJs are unconstitutional; and
   b. The NLRB proceedings against Oceans deprive it of its constitutional right to trial by jury;
2. Preliminarily enjoining Defendants from subjecting Oceans to unconstitutionally structured administrative proceedings pending the final resolution of this action;
3. Permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;
4. Awarding Oceans its costs and expenses incurred in bringing this action, including, but not

limited to, reasonable attorney's fees; and

5. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Respectfully submitted,

By: ___/s/ Emily Stroope_____
Emily Stroope
State Bar No. 24070692
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
Telephone: (713) 650-9700-
Facsimile: (713) 650-9701
estroope@bakerdonelson.com

and
Phyllis G. Cancienne – *pro hac vice forthcoming*
Elizabeth Liner – *pro hac vice forthcoming*
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
450 Laurel St., 21st Floor
Baton Rouge, LA 70801
pcancienne@bakerdonelson.com
bliner@bakerdonelson.com


Louis. J. Cannon – *pro hac vice forthcoming*
Cassandra L. Horton– *pro hac vice forthcoming*
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
100 Light Street, Suite 1900
Baltimore, MD 21202
lcannon@bakerdonelson.com
chorton@bakerdonelson.com

*Counsel for Plaintiff, Oceans Behavioral Hospital of Abilene, LLC*